Clerk's Office
Filed Date: 1/4/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

WYLDEWOOD CELLARS, INC.,

                Plaintiff,

-against-

LIBERTY FUNDING SOLUTIONS, LLC,
MAYFAIR BUSINESS CAPITAL LLC,
RBR GLOBAL, LLC, TORRO LLC,
DIVERSE CAPITAL LLC, and MANTIS
FUNDING LLC,

                Defendants.
-------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-CV-2990 (CBA) (RER)

**AMON, United States District Judge:**

## ORDER

At the pre-motion conference on October 7, 2021, I directed Plaintiff Wyldewood Cellars, Inc. ("Wyldewood") to file an amended complaint, if any, by October 21, 2021. Wyldewood failed to file an amended complaint by the court-ordered deadline.

On January 3, 2022, two-and-a-half months after the court-ordered deadline for filing an amended complaint and ten days after the conclusion of briefing on Defendant Mayfair Business Capital LLC's ("Mayfair's") motion to dismiss the original complaint, Wyldewood filed an amended complaint. The amended complaint is unaccompanied by any explanation for the filing delay.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in [a] scheduling order where the moving party has failed to establish good cause." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "In evaluating whether

good cause exists, and exercising its discretion whether to permit the amendment, a court should focus primarily on the diligence of the moving party." Hnot v. Willis Grp. Holding Ltd., No. 01-cv-6558 (GEL), 2004 WL 1794493, at *1 (S.D.N.Y. Aug. 10, 2004) (Lynch, J.). It "may also consider such factors as the reasons for delay, the interests of justice to be served by the amendment, considerations of judicial efficiency, and any prejudice to the opposing side." Id.

Wyldewood has not even attempted to show good cause for its late filing. First, it was not diligent in filing the amended complaint—it delayed two-and-a-half months after the initial court deadline. It has not pointed to any new allegations in the amended complaint that only just came to light despite its diligence. Second, Wyldewood has not cited any reason for the delay. Third, accepting the late-filed amendment would prejudice Mayfair, which has already finished its motion to dismiss briefing.

For the foregoing reasons, I strike the amended complaint.

SO ORDERED.

Dated: January 4, 2021
Brooklyn, New York

Carol Bagley Amon
United States District Judge

2